**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-3205-WJM-STV

ALLEN T. MINTER, JR.,

    Plaintiff,

v.

DEAN WILLIAMS, and
JARED POLIS,

    Defendants.

---

**ORDER DENYING EMERGENCY MOTION FOR
PRELIMINARY INJUNCTION**

---

Before the Court is *pro se* Plaintiff Allen Minter, Jr.'s Petition for Emergency Preliminary Injunction ("Petition"), in which Plaintiff "requests immediate release" from the Department of Corrections.  (ECF No. 11.)  Plaintiff states he is "medically vulnerable" because he "has high blood pressure and a heart murmur which could prove deadly should he contract COVID-19."  (*Id.* at 1.)

To the extent the Petition is, in fact, a motion for preliminary injunction, Plaintiff fails to address or establish any of the elements required to obtain preliminary injunctive relief under Rule 65.  *See Winter v. NRDC*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.").  Thus, the Court denies the Petition on that basis.

However, given the nature of Plaintiff's statements, Plaintiff appears to have intended to file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). To the extent the Petition can be construed as a motion for compassionate release, the Court denies the Petition without prejudice for two reasons: (1) Plaintiff has failed to demonstrate that he has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A); and (2) even assuming Plaintiff has exhausted his administrative remedies, a motion for compassionate release must be filed in the sentencing court, which this is not. *See Deffenbaugh v. Sullivan*, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (motion for compassionate release must be filed in the sentencing court); *Himmel v. Upton*, 2019 WL 1112923, at *2 n. 6 (N.D. Tex. Mar. 11, 2019) ("any motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court").

Accordingly, the Petition for Emergency Preliminary Injunction is DENIED without prejudice to refiling as a motion for compassionate release in the sentencing court, to the extent that is the nature of the relief Plaintiff is actually seeking.

Dated this 19th day of November, 2020.

BY THE COURT:

William J. Martinez
United States District Judge